Louisiana & Arkansas Railway Company v. Mason.

## Opinion delivered March 6, 1916.

1. Carriers—carrying passenger past station.—Plaintiff, a passenger on defendant's train, was carried past her station, the train conductor having failed to lift her ticket and discover her destination. *Held*, under the evidence the jury was warranted in finding that the conductor should have known of plaintiff's presence and destination, and should have stopped the train for her at her destination. .

2. Carriers—carrying passenger past station.—damages.—A verdict of fifty dollars is excessive, when plaintiff, a passenger on defendant's train, was carried past her station, where it appeared that the railway officials were courteous to her, and provided free transportation back to the point of her destination, plaintiff being at the time *enceinte*.

Appeal from Lafayette Circuit Court; *Geo. R. Haynie*, Judge; modified and affirmed.

*Henry Moore and Henry Moore, Jr.*, for appellant.

1 Under the whole of the evidence given in this case appellant was entitled to a peremptory instruction in its favor. Appellee had ample time to have notified the auditor or conductor that she had a ticket for a flag station. 84 Ark. 436; 64 S. W. 905; 18 *Id.* 866; 106 Ga. 826.

2. There was no evidence of any physical injury and no damages should have been allowed for mental anguish. 67 Ark. 123; 88 *Id.* 454. No damages at all were proven; no value of time lost or expense was shown on account of the delay. 67 Ark. 124-130. The judgment is excessive and contrary to the evidence.

*D. L. King*, for appellee.

There was no error in the refusal to give the instructions asked. This is a different case from 84 Ark. 436. The train was not crowded and the conductor had only two tickets to take up. Appellee was confined to her bed for two weeks and suffered pain as the result of being carried by her station. 64 S. W. 905 is not applicable here. Physical injury was proven; also inconvenience, doctor's bill, medicine, etc., besides mental suffering. The damages are not excessive. 118 Ark. 569.

Smith, J. On December 6th, 1914, appellee purchased a ticket from Stamps, Arkansas, a regular station on appellant's railway to Hafton, a flag station about six miles north of Stamps, and on that day boarded one of appellant's trains at Stamps at about 1:50 p. m. The train failed to stop at Hafton, and on appellee calling the attention of appellant's employees thereto they refused to run the train back to Hafton, but said they would put her off at Patmos, a station 10 or 12 miles north of Stamps, and that she could return on the next train, but they advised her to remain on the train and go to Hope, another station, and there take the train and return to Hafton. This she decided to do, and when her train reached Hope she was escorted to and placed upon the returning train, which left Hope about 25 minutes after her arrival there, and she reached Hafton after a delay of about an hour and three-quarters. Appellee was enceinte at the time and was accompanied by two of her children, one four and one nine years old, and she had at home another child six years old. She stated that she was very much disturbed when the train passed Hafton without stopping, as she had no money with which to pay her return passage, or to telephone her husband, and that she "was worried about her child," meaning the one at home. She testified that she became ill after reaching Hafton and that her illness was in connection with her condition and on account of the coming of the baby, and that she was attended by a physician. She admits, however, that she was very courteously treated by the officials of the train, and that she was assured by the conductor that it would not cost her anything to go to Hope and return. A Doctor Baker was a passenger on the train with appellee from Stamps to Hope, and returned on the next train with her, and he heard the conversation between her and the conductor. He testified that appellee had been his patient on several occasions and that he had also visited members of her family in a professional capacity, and that he did not observe any evidence of fright or terror or mental anguish, and that his attention

would have been attracted had there been such manifestations. He stated that, her condition considered, she would be more easily frightened and excited than she would otherwise, but that she did not exhibit any evidence of mental disturbance.

(1) Notwithstanding the fact that the railway company offered to confess judgment for $5.00, it denied that it is liable in any sum. It insists that a large crowd got on with appellee who were traveling on a party ticket, and that she sat near, or with, the members of this party, and the conductor supposed she was a member of this party, and that the train had passed Hafton before appellee made known her presence on the train and her desire to debark there.

The jury returned a verdict for appellee for the sum of $50, and this appeal has been duly prosecuted.

It is urged that, under the rule announced in *R. I, Ark. & La. Rd. Co.* v. *Stevens*, 84 Ark. 436, appellee is not entitled to recover. But this case is distinguishable from that one on the facts. Appellee did not embark at the point of origin of the train, and the tickets of the passengers on the train had been taken up before she boarded the train. Moreover, the train was a short one, consisting only of two coaches, and there were only two tickets for the conductor to take up, one a party ticket and the other appellee's ticket. And we think the jury was warranted in finding that the conductor should have known of appellee's presence and destination and, consequently, should have stopped the train at Hafton.

(2) It is also insisted that the judgment must be reversed because the proof does not show that appellee sustained any damages as the result of being carried by her station. While we do not agree with counsel in this contention, we do think the damages allowed are excessive. It is not shown that there was any causal connection between appellee's illness and the fact that she was carried by her station. She admits she was courteously treated, and the time which she lost is not shown to have had any money value. She did suffer certain inconven-

ience and annoyance, but we think a judgment for $10 on that account would be a reasonable compensation, and the judgment is, therefore, reduced to that amount and, as thus reduced, is affirmed.